Sokol KRIFKA, Petitioner,

v.

DEPARTMENT OF HOMELAND SE-CURITY and the Executive Office for Immigration Review, Respondents.

No. 05–6101–ag.

United States Court of Appeals, Second Circuit.

Sept. 14, 2006.

Jack Sachs, New York, NY, for Petitioner.

Stephen J. Murphy, U.S. Atty. for the Eastern District of Michigan, R. Michael Bullotta, Asst. U.S. Atty., Detroit, MI, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Sokol Krifka, a native and citizen of Macedonia, seeks review of a November 2, 2005 order of the BIA affirming the May 11, 2004 decision of Immigration Judge ("IJ") Helen Sichel denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Sokol Krifka*, No. A 78 382 920 (BIA Nov. 2, 2005), *aff'g* No. A 78 382 920 (Immig. Ct. N.Y. City May 11, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating

**48**

them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In this case, Krifka was unable to testify consistently with regard to his political activities. He knew very little about the party that he claimed he and his father were active in, and was especially unclear whether this was the "party of democracy and prosperity" or the "party of democratic population." Moreover, Krifka was unable to name any of the major political leaders in his own party or in the country of Macedonia at the time he fled. Krifka's testimony regarding his religious activities also contributed to his negative credibility. Krifka claimed that he consistently attends a mosque in the United States, yet he was unable to name the mosque or where it is located. These are "specific, cogent reasons" that "bear a legitimate nexus" to the IJ's adverse credibility finding, regardless of any errors in the IJ's ruling. *Zhou Yun Zhang,* 386 F.3d at 74.

Krifka's credibility was also undermined because of the discrepancies between his testimony and the information he told the immigration officer at the airport interview when he first entered the country. "Because those most in need of asylum may be the most wary of governmental authori-ties," the agency must recognize that an applicant may not be entirely forthcoming in an initial interview. *Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005) (quoting *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004).). However, an applicant's "mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent" the agency from relying on the interview for an adverse credibility determination as long as the agency acknowledges and evaluates this explanation. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396, 397 n. 6, 399 n. 8. (2d Cir.2005). The IJ determined that Krifka's testimony was completely unpersuasive. The IJ reasoned that Krifka came to the United States seeking refuge and asylum; therefore, it would have "behooved him" to explain his need for refuge and asylum to the officers at the airport, particularly since he confirmed that they had read to him the section of the statement that indicates that U.S. law provides protection to people who face persecution on return to their homeland and that if one has fears, he should express them at the interview. Since the IJ acknowledged and analyzed Krifka's explanation, his findings were reasonable and supported by substantial evidence in the record.

The IJ did not err in basing her adverse credibility determination in part on Krifka's failure to provide corroborative evidence in support of his claim, specifically any evidence of his active participation in politics in Macedonia. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000) (stating that while "it is inappropriate to base a credibility determination *solely* on the failure to produce corroborative evidence[,] [t]he presence or absence of corroboration may properly be considered in determining credibility" (emphasis added)).

Krifka has not meaningfully challenged the IJ's denial of his withholding of remov-

al and CAT claims in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).